1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IRWIN DOUGLAS,

11              Plaintiff,            No. CIV S-09-1039 FCD DAD PS

12        v.

13   SACRAMENTO COUNTY, et al.,       ORDER AND

14              Defendants.           FINDINGS AND RECOMMENDATIONS

15   _____/

16              This case came before the court on August 28, 2009, for hearing of defendants'

17   properly noticed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc.

18   No. 9).  Jennifer Plescia, Esq. appeared for defendants Sacramento County, Sacramento County

19   Department of Child Support Services (sued as Sacramento County DCSS), Stacy McGill (sued

20   as Staci McGill), and James Greaves.  Plaintiff, who is proceeding pro se in this action, made no

21   appearance at the hearing.

22              Upon consideration of all written materials filed in connection with defendants'

23   motion, the arguments at the hearing, and the entire file, the undersigned recommends that

24   defendants' motion to dismiss be granted and this action be dismissed with prejudice.

25   /////

26   /////

1

BACKGROUND

Plaintiff filed his complaint in this court on April 17, 2009.  He paid the required filing fee, and the Clerk issued summons.  In May 2009, plaintiff filed returns of service showing that his complaint and summons were served on the defendants by mail.  (Doc. Nos. 4 & 5.)  The returns of service do not indicate that the documents were sent by certified mail, do not show the actual addresses to which the documents were sent, and do not reflect that each set of documents was accompanied by either a notice of acknowledgment in accordance with state law or a request for waiver of service in accordance with federal law.  See Fed. R. Civ. P. 4(d) & (e).  Plaintiff did not file any other evidence related to service of process.  When plaintiff requested entry of default against the defendants in June 2009, the Clerk declined the request because she was unable to determine whether the defendants were properly served.  (Doc. Nos. 6 & 8.)

On July 23, 2009, all four defendants appeared by filing their motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff did not file written opposition to defendants' motion and, as noted above, did not appear at the hearing on the motion on August 28, 2009.  A plaintiff's failure to appear at the hearing on a defendant's motion may, in the discretion of the court, be deemed a statement of no opposition to the granting of the motion.  See Local Rule 230 (i).  An inference of non-opposition in the present case is supported by plaintiff's failure to file written opposition to the motion.  See Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").  At the conclusion of the hearing on August 28, 2009, defendants' unopposed motion to dismiss was taken under submission for written findings and recommendations.

On September 3, 2009, plaintiff filed an improper motion for entry of default judgment.  The motion is unsigned, does not include a memorandum of points and authorities, was not noticed for hearing, and does not include a proof of service reflecting that the filing was served on defendants.  Moreover, the court cannot enter a default judgment against a party whose

1   default has not been entered, and the Clerk cannot enter default unless the plaintiff has shown

2   that the party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a) & (b). Here, the

3   Clerk declined to enter default at plaintiff's request in June 2009 because plaintiff failed to

4   demonstrate proper service of process. Entry of default was precluded once the defendants filed

5   their motion to dismiss, because filing such a motion is a proper means of defending against a

6   plaintiff's complaint. Plaintiff's motion for default judgment is therefore denied.

7                               PLAINTIFF'S CLAIMS

8           Plaintiff alleges that the Sacramento County DCSS has been collecting child

9   support from him pursuant to a judgment obtained in 2003 without having established paternity

10  or presented any evidence to support the claim against him. Plaintiff describes his unsuccessful

11  efforts to set aside the judgment in 2003 and to petition the family relations court for relief in

12  2008. Plaintiff alleges that the Sacramento County DCSS has continued to harass him and his

13  family and has garnished his wages as well as tax refunds that belonged to him and his wife.

14  Plaintiff's complaint alleges no specific facts against defendants Sacramento County, Stacy

15  McGill, and James Graves, but the caption of the pleading identifies defendant McGill as

16  "attorney" and defendant Graves as "Chief attorney for Sacramento County DCSS."

17          By way of relief, plaintiff asks the court to declare that the Sacramento County

18  DCSS judgment against him is a violation of his civil rights. He also seeks an order "[t]o bar

19  agencies, private or government, from ever being able to sue an individual for child support in an

20  American Court of Law." (Compl. at 3.) Plaintiff contends that parents should "fight their own

21  legal paternity and child support litigation with their own private attorney(s) if needed." Id. In

22  addition, plaintiff seeks orders requiring the Sacramento County DCSS to refund all monies

23  taken from plaintiff and his wife, including all tax refunds, and to pay plaintiff and his family

24  $250,000.00 in compensatory damages for six years of harassment, defamation of character, and

25  violation of civil rights. Plaintiff further requests an order awarding punitive damages in an

26  amount to be determined by the court.

1    LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

2         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

3    sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

4    1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

5    sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

6    F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

7    relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

8    a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

9    plaintiff's claims, even if the plaintiff's allegations are true.

10        In determining whether a complaint states a claim on which relief may be granted,

11   the court accepts as true the allegations in the complaint and construes the allegations in the light

12   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

13   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

14   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

15   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

16   form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

17                                              ANALYSIS

18        Defendants seek dismissal of plaintiffs' complaint pursuant to Federal Rule of

19   Civil Procedure 12(b)(6) on the grounds that this court should abstain from exercising

20   jurisdiction over the Sacramento County Superior Court's child support judgment, plaintiff's

21   claims are barred by the applicable statute of limitations, the complaint fails to state cognizable

22   equal protection or due process claims, the claims against defendant Sacramento County DCSS

23   should be dismissed as redundant of the claims brought against Sacramento County, the

24   complaint fails to state a cognizable claim for Monell-type liability against the defendant

25   Sacramento County; and the complaint fails to state a cognizable claim against defendants

26   Graves and McGill.  (Def'ts' Amended Notice of Mot. to Dismiss (Doc. No. 12) at 1-2.)

1  Defendants seek dismissal of the complaint without leave to amend.

2          The undersigned finds that plaintiff's failure to file written opposition and failure

3  to appear at the hearing on defendants' motion should be deemed a statement of no opposition to

4  the granting of defendants' motion.  Nevertheless, in light of plaintiff's pro se status and his

5  filing of a motion for default judgment, the undersigned has carefully considered the legal

6  sufficiency of plaintiff's complaint.

7          As noted above, plaintiff seeks (1) a declaration that Sacramento County's

8  judgment against him violated his rights; (2) an order barring state and local agencies from suing

9  individuals for child support; (3) an order requiring Sacramento County to refund all monies

10  taken from plaintiff and his wife, including tax refunds; (4) an order requiring Sacramento

11  County to pay plaintiff and his family $250,000.00 in compensatory damages; and (5) an order

12  requiring Sacramento County to pay punitive damages for having collected child support from

13  him.  As defendants put it, "[t]he gravamen of the complaint appears that Plaintiff seeks to

14  overturn the child support judgment against him."  (Def'ts' Mot. to Dismiss (Doc. No. 10) at 3.)

15          Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to

16  review alleged errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman,

17  460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only

18  in the United States Supreme Court).  The doctrine applies to "cases of the kind from which the

19  doctrine acquired its name:  cases brought by state-court losers complaining of injuries caused by

20  state-court judgments rendered before the district court proceedings commenced and inviting

21  district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic

22  Indus. Corp., 544 U.S. 280, 284 (2005).  "The purpose of the doctrine is to protect state

23  judgments from collateral federal attack."  Doe & Assocs. Law Offices v. Napolitano, 252 F.3d

24  1026, 1030 (9th Cir. 2001).

25          Put another way, a federal district court is prohibited from exercising subject

26  matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment.  Kougasian

5

1    v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district court may not examine

2    claims that are inextricably intertwined with state court decisions, "even where the party does not

3    directly challenge the merits of the state court's decision but rather brings an indirect challenge

4    based on constitutional principles."  Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir.

5    2003).  See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir.

6    2006) (affirming district court's dismissal of the case "because the complaint is nothing more

7    than another attack on the California superior court's determination in [plaintiff's] domestic

8    case").

9            The undersigned has also carefully considered whether plaintiff may amend his

10   complaint to state a cognizable claim that would not constitute a de facto appeal from the state

11   court judgment at issue.  "Valid reasons for denying leave to amend include undue delay, bad

12   faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818

13   F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

14   Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely

15   given, the court does not have to allow futile amendments).  Leave to amend would clearly be

16   futile in this instance given the fundamental nature of plaintiff's complaint and the defects noted

17   above.  Accordingly, the undersigned will recommend that plaintiff's complaint be dismissed

18   without leave to amend.

19                                  CONCLUSION

20           For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's

21   motion for entry of default judgment (Doc. No. 16) is denied; and

22           IT IS RECOMMENDED that:

23           1.  Defendants' motion to dismiss (Doc. No. 9) be granted; and

24           2.  Plaintiff's complaint be dismissed with prejudice and this action be closed.

25           These findings and recommendations will be submitted to the United States

26   District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

1  seven days after being served with these findings and recommendations, any party may file and

2  serve written objections with the court.  A document containing objections should be titled

3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

4  shall be filed and served within seven days after the objections are served.  The parties are

5  advised that failure to file objections within the specified time may, under certain circumstances,

6  waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

7  Cir. 1991).

8  DATED: March 3, 2010.

9

10

11
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12  DAD:kw
    Ddad1/orders.pro se/douglas1039.oah082809.mtdgr

13

14

15

16

17

18

19

20

21

22

23

24

25

26